IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **MARIELLEN CALLOWAY, et al.** | : | |
| | : | |
| Plaintiff, | : | CASE NO. 2:20-CV-3035 |
| -vs- | : | |
| | : | JUDGE WATSON |
| **CITY OF COLUMBUS POLICE VICE SQUAD, et al.,** | : | MAGISTRATE JUDGE VASCURA |
| | : | |
| Defendants. | : | |

**DEFENDANT STEVEN G. ROSSER'S
MOTION TO DISMISS**

Now comes Defendant Steven G. Rosser, by and through counsel, and hereby moves this Honorable Court to dismiss all claims against him pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiffs have failed to state any claims against Defendant Rosser upon which relief can be granted, and thus Defendant Rosser is entitled to judgment in his favor. The grounds for this Motion are more fully set forth in the accompanying Memorandum in Support.

Respectfully submitted,

*/s/ Christopher R. Green*
CHRISTOPHER R. GREEN (0096845)
LARRY H. JAMES (0021773)
CRABBE, BROWN & JAMES, LLP
500 South Front Street, Suite 1200
Columbus, Ohio 43215
(614) 229-4567; FAX: (614) 229-4559
ljames@cbjlawyers.com
cgreen@cbjlawyers.com
*Attorneys for Defendant Steven G. Rosser*

**MEMORANDUM IN SUPPORT**

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant Rosser respectfully moves this Court for an order dismissing the claims filed against him by Plaintiffs and for final judgment in his favor. Plaintiffs have failed to state a claim for which relief can be granted because (1) the claims they try to assert in the Complaint are barred by the applicable statute of limitations and (2) Plaintiffs failed to allege facts sufficient to allow this Court to infer that Defendant Rosser may be liable for any of the potential claims asserted.

I.  **STATEMENT OF FACTS**

Plaintiffs' Complaint (Doc. 1) alleges a number of different incidents involving Defendant Rosser in vague terms, which makes it difficult to formulate a response. Plaintiffs allege the basis for this Court's jurisdiction is a federal question but lists the specific issue as "City Police Corruption." Plaintiffs' claims are not delineated, nor tied to any specific law or cause of action. Named defendants include, "The City of Columbus vice squad," "Detective Steve Rosser," "The City of Columbus Building and Zoning," and "Bill sperlazza (City prosecutor)." Compl. at 3. With the understanding Plaintiffs are prosecuting this action pro se, Defendant Rosser has liberally construed the Complaint and made his best efforts to respond to each claim in turn.

The only date listed in the Complaint for any alleged wrongdoing is January 30, 2015. Accordingly, Defendant Rosser uses January 30, 2015 as the final date of any and all alleged constitutional rights violations and/or wrongdoing, as no notice has been given for a later date.[1] Plaintiffs allege that on January 30, 2015, Defendant Rosser and the "Columbus vice unit" engaged in various wrongful acts that violated their rights under the U.S. Constitution. The Complaint

---

[1] January 30, 2020 is mentioned in the Statement of Claim, however, that date appears to either be a typographical error or is included as a date of "investigations" identified and conducted by the Plaintiffs themselves, rather than the date of any alleged wrongdoing by Defendant Rosser.

14980-41684\01372555.003                               2

asserts that the "Columbus vice unit issued a warrant for the La Rue Banquet Facility"; "Steven Rosser broke down the door and took liquor from locked cabinets"; "Custom point of sale equipment for La Rue private fundraising club was confiscated without the proper warrants"; and Defendant Rosser "made it look like La Rue Banquet Facility had liquor sales going on at that particular event." Compl. at 5. The Complaint further alleges that Plaintiffs Mariellen Calloway, Demetrais Miller, and Tyshajuan Calloway, along with non-party "Head of Security Sir Peagues," were "arrested for misdemeanors and taken downtown only to be questioned about a murder." *Id.*

Next the Complaint alleges that Defendant Rosser said that a "murder happened at La Rue" in order "to push a corrupt agenda." *Id.* The Complaint goes on to state that Defendant Rosser "forged a mafia like relationship" with La Rue's competitor "Baba Happy place," which aided in La Rue's closure. *Id.* The Complaint further alleges that "investigations revealed Officer steven Rosser had patrons in place inside the La Rue Banquet facility with drugs and guns that he previously had run ins or were using as informants on 01-30-2020 (Documented) inside La Rue Banquet to beef up to the media we were a nuisance." *Id.*

The Complaint makes various other scandalous allegations, including some personally against Defendant Rosser. *Id.* Finally, the Plaintiffs allege that Defendant Rosser threatened Mariellen Calloway that an undercover police officer—whose alias was not identified—would become "a permanent part of the La Rue Banquets Facility owners (sic) lives." *Id*. at 5-6

In their Prayer for Relief, Plaintiffs state that they were "targeted for Bill sperlazzas Nuisance (sic) abatement law" and request $6,000,000.00 in damages. Compl. at 6. Plaintiffs allege it has been 5 years since they lost their life savings behind "The Columbus Police false reports and agendas." *Id.* Plaintiffs further claim that they were deprived of a lucrative business and "Generational wealth." *Id.*

## II. LAW AND ARGUMENT

Plaintiffs' Complaint does not articulate any specific legal theories of recovery. Thus, Defendant Rosser can only make educated guesses as to the potential legal claims Plaintiffs are trying to assert. It seems most likely that Plaintiffs allege that Defendant Rosser deprived them of a right protected by the United States Constitution. Though not mentioned anywhere in the Complaint, Plaintiffs' claims must be raised under 42 U.S.C. § 1983, which provides the exclusive remedy for such alleged deprivations. *Thomas v. Shipka*, 818 F.2d 496, 500 (6th Cir. 1987), *vacated and remanded on other grounds*, 488 U.S. 1036 (1989).

Although most of Plaintiffs' allegations seem to concern violations of their constitutionally protected rights, Plaintiffs' civil cover sheet also identifies the Racketeer Influenced and Corrupt Organizations ("RICO") statute as a theory of recovery. (Doc. 1-1). For that reason, Defendant Rosser will briefly address why any RICO claims—if alleged—must be dismissed. Finally, to the extent Plaintiffs' have alleged Defendant Rosser participated in a civil conspiracy, the Complaint should likewise be dismissed for failure to state a claim.

### A. Standard of Review.

Defendant Rosser moves for dismissal under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. To survive under Rule 12(b)(6), a party "must state a claim that is plausible on its face." *Gavitt v. Born*, 835 F.3d 623, 640 (6th Cir. 2016). This means that "the factual allegations must 'raise a right to relief above the speculative level.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[T]he court must be able to draw a 'reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," and "[a] complaint [is not sufficient] if it tenders 'naked assertions'

devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). During a 12(b)(6) review, a complaint is "viewed in the light most favorable" to the claimant and "all reasonable inferences are drawn in his favor." *Gavitt*, 835 F.3d at 639–40. However, a party must put forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The Court, therefore, need not accept legal conclusions as true, even if they are couched as facts. *Id.* Furthermore, in cases involving multiple defendants, the plaintiff must allege facts for **each** claim made against **each** individual defendant that, if proved at trial, establish that the plaintiff is entitled to relief against *that* individual defendant. *See Iqbal*, 556 U.S. at 676.

### B. Plaintiffs' § 1983 claims are barred by the applicable two-year statute of limitations.

The applicable statute of limitations for § 1983 claims in Ohio is two years. *Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989). Typically, the statute of limitations begins to run when plaintiffs know or have reason to know of the injuries that are the basis of their claims. *Kuhnle Brothers, Inc. v. County of Geauga*, 103 F.3d 516, 520 (6th Cir. 1997). When the allegations in a complaint affirmatively show that the claim is time-barred, dismissal is appropriate under Rule 12(b)(6). *LeFever v. Ferguson*, 2:11-CV-935, 2013 WL 1324299 (S.D. Ohio Mar. 28, 2013).

Plaintiffs have provided only one date—January 30, 2015—for the purpose of determining when any cause of action may have accrued. Compl. at 5. Plaintiffs were fully aware of Defendant Rosser's conduct when it occurred. Assuming the allegations in Plaintiffs' Complaint to be true, Plaintiffs had every reason to form a belief on January 30, 2015 that Defendant Rosser's purported conduct was wrongful. Plaintiffs' injuries (if any) were incurred on January 30, 2015, and on January 30, 2015, Plaintiffs were fully aware of their injuries (if any). Thus, Plaintiffs knew or had

reason to know of the injuries that are the basis of their claims on January 30, 2015. As further evidence, by Plaintiffs' own words, "its been 5 years since we lost our life savings…." Compl. at 6.

Accordingly, applying the two year statute of limitations applicable to Plaintiffs' claims, Plaintiffs were required to bring their § 1983 claims against Defendant Rosser by January 30, 2017 *at the latest*. Plaintiffs filed their Complaint on June 12, 2020. Thus, all of the claims asserted in Plaintiffs' Complaint against Defendant Rosser are untimely and should be dismissed.

### C. There is no tolling event applicable to Plaintiffs' claims.

Plaintiffs have requested to have all statute of limitations tolled in this matter (Doc. 2). This request, however, is problematic for two reasons. For one, Plaintiffs have failed to provide any case law or statute that authorizes this Court to grant their request. In addition, although Ohio Rev. Code §§ 2305.15 and 23015.16 provide that the statute of limitations for § 1983 claims may be tolled under certain circumstances, none of those circumstances are present in this case.

Ohio Rev. Code § 2305.15 authorizes tolling of the statute of limitation when a defendant is out of state, has absconded, or conceals him or herself. Ohio Rev. Code § 2305.15(A). Here, it is clear Defendant Rosser is not out of state, absconded, or concealed himself. Furthermore, the Complaint does not contain a single allegation that Defendant Rosser has done so. Thus, § 2305.15 is inapplicable.

Under Ohio Rev. Code § 2305.16, the statute of limitations for § 1983 claims may be tolled if, at the time the cause of action accrued, the plaintiff was either a minor or was "of unsound mind." *See also Michelle R. v. Village of Middleport*, 2:19-CV-2272, 2019 WL 4452678 (S.D. Ohio Sept. 17, 2019). In order to be considered "of unsound mind" under Ohio Rev. Code §

2305.16, a person must be adjudicated as such or be confined under a diagnosed condition which renders him or her of unsound mind. *Fisher v. Ohio Univ.*, 63 Ohio St.3d 484 (1992).

Plaintiffs do not claim that they were minors at the time of the alleged incidents or in the years after. Nor have Plaintiffs provided any details to suggest that they were of unsound mind at the time the cause of action accrued or afterwards. Furthermore, although the Complaint contains vague references to Plaintiff Demetrais Miller's "numerous documented nervous breakdowns" and alleges he "is currently taking medication for paranoia," there is nothing in the Complaint to suggest that Plaintiff Miller has been adjudicated as being of unsound mind or confined under a diagnosed condition which renders him of unsound mind for any part of the relevant time period. Compl. at 7.  Therefore, based on the circumstances as alleged, Plaintiffs' request to toll the applicable two-year statute of limitations cannot be granted under Ohio law.

> **D. Even if this Court determines that Plaintiffs' claims are not barred by the two-year statute of limitations, Plaintiffs' federal claims should be dismissed.**

Again, because Plaintiffs' Complaint did not affirmatively state any legal theories or causes of action, Defendant Rosser must guess as to Plaintiffs' potential claims. Given the nature of Plaintiffs' allegations against Defendant Rosser, it appears that Plaintiffs have primarily alleged that Defendant Rosser deprived them of a right protected by the United States Constitution. Such claims arise under § 1983 and, based on Plaintiffs' allegations, the Fourth Amendment.

Because Plaintiffs have failed to allege facts sufficient to establish any violations of a constitutional right *or* to overcome Defendant Rosser's qualified immunity, their claims should be dismissed accordingly. Likewise, any allegations which may be construed to encompass claims for civil conspiracy or criminal enterprise under RICO should also be dismissed.  Defendant Rosser will address each in turn.

### i. Defendant Rosser is entitled to qualified immunity.

The doctrine of qualified immunity protects police officers "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person about have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Qualified immunity applies unless it is obvious that no reasonably competent police officer would have believed his actions were lawful. *Chappell v. City of Cleveland*, 585 F.3d 901, 907 (6th Cir. 2009). Qualified immunity applies regardless of whether the error is "a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact." *Pearson*, 555 U.S. at 231 (quoting *Groh v. Ramirez*, 540 U.S. 551, 567 (2004) (Kennedy, J., dissenting)). The doctrine is "an immunity from suit rather than a mere defense to liability." *Id.* (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)).

The burden of rebutting qualified immunity falls on the plaintiff once a defendant has raised the defense. *See Davenport v. Causey*, 521 F.3d 544, 550 (6th Cir. 2008). Qualified immunity is a two-prong inquiry: (1) whether the plaintiff has shown a violation of a constitutional right, and (2) whether the constitutional right was 'clearly established' at the time of the violation." *Reid Mach. Inc. v. Lanzer*, 421 F.App'x 497, 501–02 (6th Cir. 2010) (citing *Pearson*, 555 U.S. at 230–32). The Court is free to approach these questions in any order, and Defendant Rosser is entitled to qualified immunity if Plaintiffs fail on either question. *See Greathouse v. Couch*, 433 Fed. App'x 370, 373 (6th Cir. 2011). This Court need only consider a qualified immunity defense if it finds a constitutional right was violated. *Saucier v. Katz*, 533 U.S. 194, 201 (2001).

Here, because there are no allegations of any constitutional violations in Plaintiffs' Complaint, the Court need not reach the "clearly established" prong of the qualified immunity analysis and may dismiss the Complaint accordingly.

### ii. Plaintiffs fail to state claims pursuant to the Fourth Amendment.

In order to assert a valid § 1983 claim, Plaintiffs must show that, while acting under color of state law, Defendant Rosser deprived them of rights secured by the Federal Constitution or laws of the United States. *McCoy v. Shepherd*, 2:06 CV 262, 2006 WL 2225824 (S.D. Ohio Aug. 2, 2006). Section 1983 can be utilized to remedy violations of the Fourth Amendment. *See Stricker v. Township of Cambridge*, 710 F.3d 350, 365 (6th Cir. 2013). Again, because Plaintiffs have not articulated any specific legal theories of recovery, Defendant Rosser will liberally construe Plaintiffs' allegations and make best efforts to address each potential alleged violation in turn.

#### *1. Malicious Prosecution*

Plaintiffs have failed to plausibly allege a claim for malicious prosecution. The Sixth Circuit recognizes a constitutional claim of malicious prosecution under the Fourth Amendment, encompassing wrongful investigation, prosecution, conviction, and incarceration. *Barnes v. Wright*, 449 F.3d 709, 715–16 (6th Cir. 2006). The federal cause of action for malicious prosecution has four elements: (1) the defendant made, influenced, or participated in a decision to prosecute the plaintiff; (2) there was a lack of probable cause for the prosecution; (3) as a result of a legal proceeding, the plaintiff suffered a deprivation of liberty apart from the initial seizure; and (4) the criminal proceeding was resolved in the plaintiff's favor. *Sykes v. Anderson*, 625 F.3d 294, 309 (6th Cir. 2010). A plaintiff is required to "show, at a minimum, that there is no probable cause to justify an arrest or a prosecution." *Bickerstaff v. Lucarelli*, 830 F.3d 388, 397 (6th Cir. 2016) (quoting *Voyticky v. Village of Timberlake*, 412 F.3d 669, 675 (6th Cir. 2005)).

Plaintiffs' Complaint vaguely alleges that Defendant Rosser arrested Plaintiffs for misdemeanors but fails to specify which laws Plaintiffs were accused of violating. Compl. at 5. The Complaint also fails to allege that there was a lack of probable cause for any prosecution, that

the Plaintiffs suffered a deprivation of liberty apart from the initial seizure, and that any criminal proceeding was resolved in the Plaintiffs' favor. As a result, Plaintiffs have failed to plead sufficient factual content that would allow the Court to infer that Defendant Rosser is liable for malicious prosecution. The Complaint should therefore be dismissed to the extent it attempts to redress Plaintiffs for a malicious prosecution claim.

### 2. *False Arrest*

Plaintiffs have likewise failed to plausibly allege a claim for false arrest. To state a claim of false arrest under the Fourth Amendment, "a plaintiff must prove that the arresting officer lacked probable cause to arrest the plaintiff." *Robertson v. Lucas*, 753 F.3d 606, 618 (6th Cir. 2014). Whether probable cause exists is based on "an examination of all facts and circumstances within an officer's knowledge at the time of an arrest." *Thacker v. City of Columbus*, 328 F.3d 244, 255 (6th Cir. 2003). Here, Plaintiffs have failed to plead sufficient factual content that would allow the Court to infer that Defendant Rosser is liable for false arrest. The circumstances of the Plaintiffs' arrests, including any charges or alleged crimes, are nowhere to be found in the Complaint. Accordingly, Defendant Rosser requests that this Court dismiss the Complaint to the extent it attempts to redress Plaintiffs for a false arrest claim.

### 3. *Unlawful Search*

Plaintiffs' Complaint vaguely refers to the issuance and execution of "a warrant for the La Rue Banquet facility" and asserts that the warrant "failed to list La Rue private fundraising club which was locked when officer Steven Rosser broke down the door and took liquor from locked cabinets." Compl. At 5. Notably, this Court dismissed the business entities The La Rue Private Fundraising Club and La Rue Banquet Facility, LLC from this action on July 24, 2020 (Doc. 14).

The *remaining* Plaintiffs have failed to plead sufficient factual content that would allow the Court to infer Defendant Rosser violated the individual Plaintiffs' Fourth Amendment rights when he allegedly executed the warrant for and entered the La Rue Banquet Facility. The Complaint does not suggest how—if at all—the individual Plaintiffs factor into these allegations. Consequently, to the extent the remaining Plaintiffs allege a violation of *their* Fourth Amendment rights for Defendant Rosser's entry into the La Rue Banquet facility, that claim should be dismissed.

### iii. Plaintiffs fail to state a RICO claim.

To successfully assert a civil RICO claim, a plaintiff "must plead the following elements: '(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity.'" *Moon v. Harrison Piping Supply*, 465 F.3d 719, 723 (6th Cir. 2006) (quoting *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 496 (1985)). In addition, the plaintiff must allege an illicit agreement "to participate directly or indirectly in the affairs of an enterprise through the commission of two or more predicate crimes." *Heinrich v. Waiting Angels Adoption Servs.*, 668 F.3d 393, 411 (6th Cir. 2012) (quoting *United States v. Sinito*, 723 F.2d 1250, 1261 (6th Cir. 1983)). Finally, a plaintiff advancing a civil RICO claim must allege injury to business or property. *See* 18 U.S.C. § 1964(c).

In this case, Plaintiffs' RICO claim lacks the factual specificity required under *Iqbal*. For one, Plaintiffs' vague allegations of corruption and their laundry list of wide-ranging acts and crimes Defendant Rosser allegedly committed are conclusory and unsupported by any specific, plausible factual allegations. Plaintiffs also fail to allege with any specificity how they are tied to the business identified in the Complaint and how any injuries to the business or property were proximately caused by Defendant Rosser's alleged RICO violation. For these reasons, Defendant

Rosser respectfully requests that this Court dismiss the Complaint to the extent it seeks redress for a civil RICO claim.

### iv. Plaintiffs fail to state a claim for civil conspiracy.

While not delineated or even called out by name, the nature of Plaintiffs' allegations may be broadly construed as an attempt to state a claim for civil conspiracy. However, Plaintiffs have failed in that attempt because they have not plausibly alleged a claim for civil conspiracy accruing after January 30, 2015.

"A civil conspiracy is an agreement between two or more persons to injure another by unlawful action." *Spadafore v. Gardner*, 330 F.3d 849, 854 (6th Cir. 2003); *see also Hooks v. Hooks*, 771 F.2d 935 (6th Cir. 1985). A plaintiff is required to demonstrate "a single plan, that the alleged coconspirator shared in the general conspiratorial objective, and that an overt act was committed in furtherance of the conspiracy that caused injury to the complainant." *Hamilton v. City of Romulus*, 409 F.3d Appx. 826 (6th Cir. 2010) (quoting *Hooks*, 771 F.2d at 943–44). In addition, "[c]laims of conspiracy must be pled with some specificity: vague and conclusory allegations that are unsupported by material facts are not sufficient to state a § 1983 claim." *Farhat v. Jopke*, 370 F.3d 580, 599 (6th Cir. 2004); *see also Fieger v. Cox*, 524 F.3d 770, 776 (6th Cir. 2008) ("[P]leading requirements governing civil conspiracy are relatively strict." (citation omitted)).

Plaintiffs' Complaint fails to plausibly allege with sufficient specificity that Defendant Rosser acted with a single plan and that an overt act caused them a constitutional deprivation. *See Hartsfield v. Mayer*, No. 95-1411, 1996 WL 43541, at *3 (6th Cir. 1996) (affirming trial court's dismissal of conspiracy claim, explaining that the "vague allegations of a wide-ranging conspiracy are wholly conclusory and are, therefore, insufficient to state a claim") (internal citations omitted).

Because Plaintiffs' civil conspiracy allegations lack the factual specificity required, Defendant Rosser respectfully requests that this Court dismiss the Complaint to the extent it seeks redress for a civil conspiracy claim.

### E. No other constitutional rights or federal claims are implicated by Plaintiffs' Complaint.

Given the allegations in the Complaint, Defendant Rosser has addressed all conceivable bases for Plaintiffs' claims under the U.S. Constitution and federal law, including § 1983, RICO, and civil conspiracy claims. Because Plaintiffs' have failed to state such claims, they have failed to assert *any* federal claims against Defendant Rosser and their Complaint must therefore be dismissed.

### F. State law claims.

To the extent Plaintiff wishes to assert state law claims against Defendant Rosser, the only claims that they could conceivable assert in light of the allegations are state law claims for malicious prosecution, false arrest, and/or intentional infliction of emotional distress. The state law claims should be dismissed because (1) they are barred by the applicable statutes of limitations and (2) Plaintiffs failed to plead facts sufficient to allege each claim.

#### i. Malicious Prosecution

First, a state law claim for malicious prosecution must be brought within one year after the claim accrued. *See* Ohio Rev. Code § 2305.11(A). It is unclear what, if any, crimes Plaintiffs were prosecuted for. Nonetheless, as indicated throughout this Motion, January 30, 2015 is the operative date for any alleged wrongdoing. Thus, Plaintiffs were required to bring a state law malicious prosecution claim against Defendant Rosser on or before January 30, 2016. The Complaint was filed June 12, 2020. Any state law malicious prosecution claim is untimely.

Second, to succeed on a malicious prosecution claim under Ohio law, a plaintiff must prove that (1) the defendant harbored malice in instituting or continuing the prosecution; (2) the prosecution was not supported by probable cause; and (3) the prosecution was terminated in the plaintiff's favor. *Rogers v. Barbera*, 170 Ohio St. 241, 164 N.E.2d 162, 163 (1960), at syllabus. "Malice" in the context of a malicious prosecution claim means that the prosecution was pursued for "an improper purpose, or [for] any purpose other than the legitimate interest of bringing an offender to justice." *Criss v. Springfield Tp.*, 56 Ohio St.3d 82, 564 N.E.2d 440, 443 (1990). If probable cause to arrest and prosecute exists, however, then a claim for malicious prosecution will not lie, even if a plaintiff has established actual malice. *Waller v. Foxx*, No. C-810568, 1982 WL 4753, at *3 (Ohio Ct. App. Oct. 6, 1982) (citing *Perry v. Adjustable Awning, Inc.*, 192 N.E.2d 672, 674 (Ohio Ct. App. 1962)).

None of Plaintiff's factual allegations allow for a reasonable inference that Defendant Rosser instituted or continued a prosecution against her, let alone that he did so with malicious intent and without probable cause. Accordingly, Plaintiffs' malicious prosecution claim lacks the factual specificity required and should be dismissed.

### ii. False Arrest

First, a state law claim for false arrest applies a one year statute of limitation. *May v. McGrath*, No. 2:11-cv-0839, 2013 WL 1401371, at *6 (S.D. Ohio Apr. 5, 2013); Ohio Rev. Code § 2305.11(A). It not clear from the allegations when Plaintiffs were arrested. Once again, Defendant Rosser uses January 30, 2015 as the operative date. The Complaint was filed June 12, 2020. Any state law false arrest claim is untimely.

Second, "[u]nder Ohio law, a successful false arrest claim requires proof of '(1) a detention of the person, and (2) an unlawful detention.'" *Thacker v. City of Columbus*, 328 F.3d 244, 261

(6th Cir. 2003) (quoting *Faulkner v. Faulkner*, No. S-99-008, 2000 WL 5910, at *1 (Ohio Ct. App. Jan. 7, 2000)). "The tort does not require proof of malice, motive or lack of probable cause." *Id.* (quoting *Tucker v. Kroger Co.*, 726 N.E.2d 1111, 1115 (Ohio Ct. App. 1999)). Here, even accepting the allegations in the Complaint as true, Plaintiffs have failed to allege Defendant Rosser was the officer that arrested them, what they were arrested for, and that the arrest was unlawful. Accordingly, their claim for false arrest should be dismissed.

### iii. Intentional infliction of emotional distress

First, a state law claim for intentional infliction of emotional distress (IIED) in Ohio generally applies a four-year statute of limitation. *Smith v. Montgomery Cnty. Sheriff's Office*, No. 3:10-cv-448, 2012 WL 4792398, at *14 (S.D. Ohio Oct. 9, 2012). Nevertheless, "[t]he statute of limitations in Ohio which applies to the intentional infliction of emotional distress can vary depending on the type of action which gives rise to the claim." Id. Specifically, "when the acts underlying the claim would support another tort, the statute of limitations for that other tort governs the claim for intentional infliction of emotional distress." *Id.*; *see also Stafford v. Columbus Bonding Ctr.*, 177 Ohio App.3d 799, 810 (Ohio Ct. App. 2008). Here, Plaintiffs' factual allegations indicate that any emotional distress claims are premised on Defendant Rosser's alleged acts of malicious prosecution and/or false arrest. Accordingly, a one year limitation period also applies to such claims.

Nonetheless, applying the four-year or one-year limitation period, Plaintiffs' state law claim for IIED accrued on January 30, 2015 and the Complaint was filed more than five years later. Therefore, any IIED claim is time barred.

Second, an IIED claim under Ohio law requires proof that: (1) the defendant intended to cause, or knew or should have known that his actions would result in serious emotional distress;

(2) the defendant's conduct was so extreme and outrageous that it went beyond all possible bounds of decency and can be considered completely intolerable in a civilized community; (3) the defendant's actions proximately caused psychological injury to the plaintiff; and (4) the plaintiff suffered serious mental anguish of a nature no reasonable person could be expected to endure. *Shugart v. Ocwen Loan Servicing, LLC*, 747 F.Supp.2d 938, 944-45 (S.D. Ohio 2010) (citiations omitted). Here, Plaintiffs' allegations against Defendant Rosser are insufficient to state a claim for IIED. The only allegations in the Complaint that even give notice that Plaintiffs may be alleging IIED claims appear in the Relief section and provide, "Demetrais miller has had numerous documented nervous 'breakdowns (sic) and is currently taking medication for paranoia…." Compl. at 6. Plaintiffs failed to allege that any actions by Defendant Rosser resulted in any emotional distress on behalf of Plaintiff Miller or any of the other Plaintiffs. Plaintiffs further failed to allege that Defendant Rosser intended to cause or knew or should have known his actions would result in any emotional distress. Finally, it is not apparent from the Complaint what actions by Defendant Rosser might be considered so extreme and outrageous that it went beyond all possible bounds of decency.

Therefore, Plaintiffs failed to state a claim for IIED against Defendant Rosser, and Defendant Rosser respectfully requests that this Court dismiss the Complaint to the extent it seeks redress for a state law IIED claim.

### III. CONCLUSION

For the reasons set forth above, Defendant Rosser respectfully moves this Court for an order dismissing all claims within Plaintiffs' Complaint (Doc. 1) asserted against him.

Respectfully submitted,

*/s/ Christopher R. Green*
CHRISTOPHER R. GREEN (0096845)
LARRY H. JAMES (0021773)
CRABBE, BROWN & JAMES, LLP
500 South Front Street, Suite 1200
Columbus, Ohio 43215
(614) 229-4567; FAX: (614) 229-4559
ljames@cbjlawyers.com
cgreen@cbjlawyers.com
*Attorneys for Defendant Steven G. Rosser*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was filed electronically on August 13, 2020. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system. The foregoing was also served upon the following individuals by regular U.S. Mail and electronic mail on the same date:

Mariellen Calloway
Demetrais Miller
Tyshajuan Calloway
1933 E. Dublin-Granville Rd., #234
Columbus, Ohio 43229
Email: nicolemills3112@gmail.com
*Pro Se Plaintiffs*

*/s/ Christopher R. Green*
CHRISTOPHER R. GREEN (0096845)

14980-41684\01372555.003        17