UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Mariellen Calloway, *et al.*,

    Plaintiffs,

v.

City of Columbus Police Vice Squad, *et al.*,

    Defendants.

Case No. 2:20–cv–3035
Judge Michael H. Watson
Magistrate Judge Vascura

## OPINION AND ORDER

Plaintiffs Mariellen Calloway ("Mariellen"), Tyshajuan Calloway ("Tyshajuan"), and Demetrais Miller ("Miller" and collectively "Plaintiffs")[1] sue Defendants City of Columbus Police Vice Squad ("Vice Squad"), City of Columbus Building and Zoning ("Building and Zoning"), Detective Steven Rosser ("Rosser"), and Bill Sperlazza, whom Plaintiffs state was "City Prosecutor," ("Sperlazza" and collectively "Defendants"). On the same day the Complaint was filed, Plaintiffs filed a "Request to have all statute of limitations tolled" ("Motion to Toll"). ECF No. 2. Later, Vice Squad, Building and Zoning, and Sperlazza moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), ECF No. 16, and Rosser separately moved to dismiss under the same rule, ECF No. 18.

---

[1] The Complaint also named two corporate plaintiffs, but the corporate entities were dismissed because Plaintiffs are proceeding pro se. ECF No. 14.

For the following reasons, the Court **DENIES** Plaintiffs' Motion to Toll and **GRANTS** the motions to dismiss.

## I.  FACTUAL BACKGROUND[2]

On January 30, 2015, the "Columbus vice unit issued a warrant for La Rue Banquet Facility ("La Rue") and said that at one of the rented banquet events someone sold a shot of liquor to an undercover." Compl. 5, ECF No. 1. The warrant failed to list "La Rue private fundraising club" (the "Fundraising Club"), which was a separate facility. *Id.* Nevertheless, Rosser broke down the door and took liquor from locked cabinets in the Fundraising Club. *Id.* Custom point of sale equipment was also confiscated from the Fundraising Club without proper warrants. *Id.* Mariellen, Miller, and Tyshajuan were arrested for misdemeanors and "taken downtown" where they were subsequently questioned about a murder. *Id.*

Plaintiffs later learned that the church next to La Rue is owned by a Columbus police officer and pastor who "was working the morning his nephew was killed outside Abc liquor . . . ." *Id.* The police officer/pastor and Rosser said that the murder happened at La Rue instead. *Id.* Rosser also "informed Dj Copastetic to promote on [F]acebook that a murder happen[ed] at La Rue." *Id.*

At some point, Rosser told Mariellen "that he didn't like her." *Id.* Rosser also "made minister Demetrais Miller look like a pimp for the News cameras by

---

[2] The factual background is taken from Plaintiffs' allegations in the Complaint.

walking them out for the News cameras to portray that Demetrais and Mariellen were pimps." *Id.*

Sperlazza boarded up La Rue for months, which led to Plaintiffs becoming bankrupted. *Id.*

La Rue's lawyer found fake reports stating that people were caught with drugs leaving La Rue. *Id.* Plaintiffs notified Sperlazza that false reports had been made against La Rue and that the Fundraising Club had not been on the January 30, 2015 search warrant. *Id.* Sperlazza passed this complaint along to Rosser who then contacted Mariellen through Facebook and said that "If she didn't stop her investigations he would become a permanent part of her life forever." *Id.*

Rosser and one of La Rue's competitors, Baba Happy Place, "forged a mafia like relationship which aided the shutting down" of other businesses. *Id.* Rosser arranged to have people with drugs and guns inside La Rue. *Id.* Rosser had previously had interactions with these people and was using them as informants on January 30, 2020. *Id.* A former employee of Baba Happy Place contacted Mariellen through Facebook and sent her a photograph of Rosser having a meeting with the "Baby Happy family banquet to shut his competition down." *Id.*

Plaintiffs mention their lawyer, Omar Tarrazi, multiple times in the Complaint and allege that he has evidence to support Plaintiffs' claims.

However, Plaintiffs do not provide any specifics about this evidence in the Complaint, nor does Mr. Tarrazi enter an appearance in this case on their behalf.

## II. ANALYSIS

### A. Standard of Review

A claim survives a motion to dismiss pursuant to Rule 12(b)(6) if it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (internal quotation marks and citation omitted). A complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all of the complaint's allegations are true." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007) (internal citations omitted).

A court must also "construe the complaint in the light most favorable to the plaintiff." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002). Nonetheless, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). "[A] naked assertion . . . gets the complaint close to stating a claim, but

without some further factual enhancement it stops short of the line between possibility and plausibility . . . ." *Twombly*, 550 U.S. at 557.

*Pro se* complaints are construed liberally in favor of the pleader, but they, too, must satisfy the "facial plausibility" standard articulated in *Twombly*. *See Haines v. Kerner*, 404 U.S. 519 (1972); *Stanley v. Vining*, 602 F.3d 767, 771 (6th Cir. 2010); *see also Erickson v. Pardus*, 551 U.S. 89 (2007).

### B. Application

The Motion to Toll and the two motions to dismiss all center around the question of whether Plaintiffs' claims are barred by the statute of limitations. In the Motion to Toll, Plaintiffs ask the Court to consider the fear that was instilled in Plaintiffs after Rosser told Mariellen he would become a permanent part of her life. Mot. to Toll, ECF No. 2. The Motion to Toll also states that exotic dancers recently sued the City of Columbus based on Rosser's "mafia style way of conducting Police work," which gave Plaintiffs "encouragement to move forward with this complaint." *Id.* The Motion to Toll requests tolling of all statutes of limitations "because of City Corruption." *Id.* The Motion to Toll does not provide any citation to authority or legal argument in support of tolling Plaintiffs' claims.

Defendants' motions to dismiss both argue that all of Plaintiffs' claims are barred by the statute of limitations. Mots., ECF Nos. 16, 18. Defendants contend that, at most, Plaintiffs' claims are subject to a two-year statute of limitations. Because the only date provided in the Complaint regarding Plaintiffs' claims is January 30, 2015, Plaintiffs were obligated to bring their claims by

January 30, 2017, yet did not file their Complaint until June 12, 2020. Mot. 6, ECF No. 16; Mot. 5–6, ECF No. 18. Defendants also suggest that Plaintiffs had reason to know of their purported injuries as of January 30, 2015, and that no tolling applies. Mot. 6–7, ECF No. 16; Mot. 5–7, ECF No. 18.

Plaintiffs, in their responses to the motions to dismiss, do not suggest that a statute of limitations of more than two years applies in this case, do not provide a date after January 30, 2015, on which their claims accrued, and do not argue that they lacked notice of their injuries at the time they occurred. Instead, Plaintiffs reiterate how harmful Defendants' conduct was. Plaintiffs argue that tolling should apply because Sperlazza and Rosser were part of a corrupt way of doing business in the City of Columbus. Resp. 1, ECF No. 17. Plaintiffs also explain that the reason it took them "so long to come forward is because [they] tried to inform [their] city prosecutor of corrupt behavior with fake reports placed upon the business but to no avail" because their complaints were ignored. *Id.*

As a preliminary matter, the Court must address the deficiency in Plaintiffs' briefing, not as a means of demeaning Plaintiffs or ignoring their claims, but in order to explain why their lack of legal argument leaves the Court with no option but to dismiss their claims. When, as in this case, a party does not provide any legal support for her argument, it is not the Court's proper function to seek out such authority on the party's behalf. If the Court were to review Plaintiffs' Complaint and the Motion to Toll, conduct all of the necessary research to support Plaintiffs' arguments, and then rule in Plaintiffs' favor on the basis of that

research, it would "transform the [Court] from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *see also Gardner v. Wilkins*, 593 F. App'x 800, 801 (10th Cir. 2014) (although courts liberally construe *pro se* filings, they "may not 'assume the role of advocate' and make arguments for them"). Furthermore, because the Court would be conducting this research after the briefing closed, Defendants would have been deprived of the opportunity to respond to these arguments that the Court developed *sua sponte*. While the Court is lenient with *pro se* filings, that grace has limits that cannot be stretched far enough to rescue Plaintiffs' claims here. For this reason, Plaintiffs bringing serious allegations like those presented in the Complaint are better served obtaining counsel than attempting to litigate on their own.

In any event, the Court agrees with Defendants that Plaintiffs' claims are barred by the statute of limitations. Although Plaintiffs do not specify the basis for their claims, the Court construes them to be brought pursuant to 42 U.S.C. § 1983 and/or 42 U.S.C. § 1985. The statute of limitations for § 1983 and § 1985 claims arising in Ohio is two years from the date the claim accrued. *Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989) (en banc) (§ 1983); *Dotson v. Lane*, 360 F. App'x 617, 619 n.2 (6th Cir. 2010) (§ 1985). "Ordinarily, the limitations period starts to run 'when the plaintiff knows or has reason to know of the injury which is the basis of his action.'" *Kuhnle Bros., Inc. v. Cty. of Geauga*, 103 F.3d

516, 520 (6th Cir. 1997) (quoting *Sevier v. Turner*, 742 F.2d 262, 273 (6th Cir. 1984)). "In determining when the cause of action accrues in section 1983 actions, we have looked to what event should have alerted the typical lay person to protect his or her rights." *Dixon v. Anderson*, 928 F.2d 212, 215 (6th Cir. 1991) (citing *Conlin v. Blanchard*, 890 F.2d 811, 815 (6th Cir. 1989)).

As stated above, the only date provided in the Complaint for Defendants' relevant conduct is January 30, 2015.[3] Plaintiffs have not argued, even in response to the motions to dismiss, that Defendants injured Plaintiffs after January 30, 2015. Plaintiffs also do not argue that they lacked notice of their injury until a later date. The closest Plaintiffs come to that argument is stating that a lawsuit (filed at an unspecified date) against the City of Columbus based on Rosser's conduct (with respect to other individuals) gave Plaintiffs "encouragement" to file their own lawsuit. That is insufficient.

Additionally, although Plaintiffs do not provide a legal basis for tolling, the Court agrees with Defendants that tolling is unavailable under either R.C. §§ 2305.15 (dealing with a defendant's absence, concealment, or imprisonment) or 2305.16 (dealing with a plaintiff's minority or unsound mind).

---

[3] The Complaint contains a reference to January 30, 2020, but that is simply a date on which Rosser is alleged to have used certain informants. The date is not tied to any injury to Plaintiffs.

For these reasons, Plaintiffs' claims are barred by the applicable statutes of limitations and are **DISMISSED without prejudice.**[4]

### III. CONCLUSION

For these reasons, the Court **DENIES** Plaintiffs' motion to toll, ECF No. 2, and **GRANTS** Defendants' motions to dismiss, ECF Nos. 16, 18. This case is **DISMISSED without prejudice.** The Clerk is **DIRECTED** to **TERMINATE** this case.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**

---

[4] Because the Court finds that Plaintiffs have failed to state a claim because their claims are barred by the statute of limitations, the Court need not reach Defendants' alternative arguments that they were not sui juris or were entitled to absolute or qualified immunity. *See Mays v. City of Dayton*, 134 F.3d 809, 813 (6th Cir. 1998) ("If the court finds no valid claim pursuant to 42 U.S.C. § 1983, the court need not reach the issue of qualified immunity.").